IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL ALONZA RUFUS, #99284-071**                              **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 5:08-cv-205-DCB-MTP**

**BRUCE PEARSON, ADMINISTRATIVE REMEDY
COORDINATOR, ADMINISTRATIVE REMEDY
CLERK, JULIE D. SOUTHERLAND AND
KATON LEE VARNADO**                              **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, <u>sua sponte</u>, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Federal Correctional Complex -Yazoo, Yazoo City, Mississippi, has filed this petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 on May 23, 2008.

Petitioner asserts that he filed a request for relief under the Bureau of Prisons Administrative Remedy Program for a transfer to another facility.[1]  The petitioner states that on March 31, 2008, he received a rejection notice from the Administrative Remedy Coordinator at the central office stating that he must submit his issue at the institutional level first.  The petitioner claims that he filed with the institution prior to submitting his request for relief to the central office but never received a response or receipt.   The petitioner claims that the respondents' failure to process his request for administrative remedy at the institutional level was in retaliation for other filings he has made and lawsuits he has filed and in attempt to keep him

---

[1] The Administrative Remedy Program within the Bureau of Prisons requires the inmate to first attempt an "informal resolution" of the issue with the staff, second to file an "initial filing" with the Warden of the institution, within 20 calendar days following the date on which the basis for the request occurred.  Third, the inmate can appeal the Warden's decision to the Regional Director within 20 calendar days of the date the Warden signed the response, and, fourth, the inmate can appeal the decision of the Regional Director to the Office of the General Counsel within 30 calendar days of the date the  Regional Director signed the response.   28 C.F.R. § 542 (1996).

from being able to exhaust his remedies properly.  Petitioner is requesting that this Court direct the institution's officials to respond to his request for administrative remedy so that he may properly exhaust and his claim can be considered at the central office level.

## Analysis

A writ of mandamus is used to compel an officer of the United States or any agency thereof to perform a duty owed to the petitioner.  28 U.S.C. § 1361.  For a petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."  In Re Stone, 118 F.3d 1032, 1034 (5th Cir.1997)(citing United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976).  This Court finds that the petitioner does not meet the requirements for this Court to issue a writ of mandamus.  The petitioner has other adequate remedies available to him.  In the event the petitioner is unable to exercise his constitutional rights as he claims in this petition and he is prejudiced in his filing of administrative remedies, he may file a separate civil action asserting same.[2]  Finally, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed."  Id at 403.  Consequently, the Court fails to find the drastic remedy of mandamus necessary to petitioner's circumstance.

---

[2] Petitioner has other civil actions pending in this Court regarding the substance of this request for administrative relief.

Conclusion

As explained above, this Court finds that the petitioner fails to meet the requirement that mandamus, 28 U.S.C. § 1361, is appropriate under the circumstances of the instant civil action. Therefore, the petitioner is not entitled to the extraordinary remedy of mandamus which he seeks in this action. Thus, petitioner's request for a writ of mandamus is DENIED and this case is hereby DISMISSED.

All pending motions are terminated with the issuance of this Memorandum Opinion and Order.

A final judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED, this the   24th   day of November, 2008.


                                             s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE